UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRADFORD CANNON,** | : | Civil No. 1:CV-21-00854 |
| Petitioner | : | |
| | : | (Rambo, J.) |
| v. | : | |
| | : | |
| **WARDEN J.L. JAMISON,** | : | Filed Electronically |
| Respondent | : | |

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Bradford Cannon, is currently confined at the Federal Correctional Institution in White Deer, Pennsylvania (FCI Allenwood), and serving a 132-month federal sentence for drug-related convictions. [Lavelle Decl., attached as Exhibit 1; Attach. B (Sentencing Computation Data).] Cannon seeks reinstatement of 41 days of Good Conduct Time (GCT), restoration of visitation privileges, and reimbursement for a monetary fine, all of which had been imposed as sanctions by a Discipline Hearing Officer (DHO) on 1/8/20 as a result of his possessing 2 cellular phones within his wall locker on 1/4/20. (Doc. 1, Pet.) He claims he was denied due process because of a purported violation of his right to a staff representative and alleged deficiencies in the evidence relied upon by the DHO.

This Court should deny Cannon's 28 U.S.C. § 2241 Petition because he waived a staff representative and was otherwise afforded all due process rights during the disciplinary proceedings, and sufficient evidence existed to support the DHO's findings.

I.  **PROCEDURAL HISTORY**

Cannon filed his 28 U.S.C. § 2241 Petition on 5/11/21.  (Doc. 1.)  On 5/28/21, this Court directed Respondent to respond to the Petition within 30 days.  (Doc. 5, Order.)   Respondent now timely files this Response.

II.  **FACTUAL BACKGROUND**

A.  **Cannon's conduct underlying the sanctions.**

Officer Stein conducted a search of room 248 in Unit 5751 at 12:00 pm on 1/4/20.  [Ex. 1, Attach. C (DHO Report Packet), p. 6.]  A wall locker assigned to Cannon was opened during the search.  [*Id.* at § 11.]  Officer Stein recovered two Samsung cellular phones within Cannon's locker, which had been magnetically secured to the inside of the locker.  [*Id.*]

B.  **The Incident Report and Investigation.**

At 12:40 pm, Officer Stein issued Incident Report No. 3348194 charging Cannon with violating Prohibited Act Code 108 (possessing a hazardous tool).[1]  [*Id.* at § 13.]  Activities Lt. Torres conducted an investigation and determined Cannon

---

[1] Code 108 prohibits the:

> Possession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hacksaw blade, body armor, maps, handmade rope, or other escape paraphernalia, ***portable telephone***, pager, or other electronic device).

[Ex. 1, Attach. D (Inmate Discipline Program), p. 45 (Code 108).]

2

was appropriately charged with violating Prohibited Act Code 108. [Ex. 1, Attach. C, p. 9, § 26.] Act. Lt. Torres advised Cannon of his rights, and Cannon stated he understood them. [*Id.* at §§ 23-24.] Cannon received a copy of the incident report at 2:09 pm. [*Id.* at p. 6, § 16; *see also id.* at p. 9, § 24.]

The incident report was referred to the Unit Disciplinary Committee (UDC) for further disposition. [*Id.* at p. 9, § 27.]

### C. Proceedings Before the UDC.

Correctional Counselor J. Dixon served as the UDC Chairman. [Ex. 1, Attach. C, p. 6, § 21.] The UDC hearing was held on 1/5/20. [*Id.*] Due to the severity of the charges, the UDC referred the incident report to the DHO for further disposition. [*Id.* at § 18.] On 1/5/20, the UDC notified Cannon of his DHO hearing and advised him of his rights to, *inter alia*, call witnesses, have a staff representative during his DHO hearing, and present documentary evidence. [Ex. 1, Attach. C, p. 7, ¶¶ 2-3.] Cannon indicated he understood his rights and signed the Notice of Rights at 10:25 am. [*Id.*] Cannon elected to neither call or identify witnesses nor have a staff representative at his hearing, and he initialed those choices on a separate signed page. [*Id.* at pp. 7-8.]

### D. The DHO Hearing.

K. Hampton served as the DHO. [Ex. 1, Attach. C, p. 4, § IX.] The DHO hearing was held at 8:52 am on 1/8/20. [*Id.* at p. 1, § I.B.] At the outset, the DHO

3

read to and reviewed with Cannon his due process rights. [*Id.* at p. 3, § V.] Cannon confirmed that he both received a copy of the incident report and understood his rights before the DHO. [*Id.* at p. 1, § III.B, p. 3, § V.] He again waived a staff representative, [*id.* at p. 1, §§ II.A, III.B, p. 3, § V], and did not request that any witness testify, [*id.* at p. 1, §§ III.B, C.1, p. 3 § V], or to present any documentary evidence, [*id.* at p. 1, § III.B, p. 3, § V].

Cannon did not cite any procedural issues but stated the incident report was false and that he "knew nothing about the stash box in [his] locker [and] knew nothing about the phones found." [*Id.* at p. 1, § III.B.]

### E. The DHO's findings and the sanctions imposed.

The DHO considered the incident report, Cannon's verbal statement, BOP Policy, memos, and the investigative materials which included photos of Cannon and another individual that was also located within Cannon's wall locker. [*Id.* at p. 3, § V.] The DHO noted that BOP policy holds him responsible for everything on his person, in his personal property, and in his living quarters. [*Id.*] The DHO did not find Cannon's statement credible. [*Id.*]

Therefore, the DHO found, based on the greater weight of the evidence, that Cannon committed the prohibited act of possessing a hazardous tool (Code 108). [*Id.*] The DHO accordingly sanctioned Cannon by disallowing 41 days GCT, revoking visiting privileges for 365 days, and imposing a $500 monetary fine. [*Id.*]

Cannon received the DHO report on 1/15/20. [*Id.* at p. 5.]

### III. QUESTIONS PRESENTED

A.   Whether this Court should deny the Petition because Cannon received due process before and during the DHO Hearing?

B.   Whether this Court should deny the Petition because sufficient evidence supported the DHO's finding that Cannon committed Prohibited Act Code 108?

[*Suggested answers in the affirmative.*]

### IV. ARGUMENT

#### A. Cannon's Due Process Rights Were Not Violated.

"[P]rison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). The Supreme Court has outlined the procedural due process requirements for a prison disciplinary hearing, explaining a prisoner is entitled to: (1) adequate written notice of the charges against him; (2) an opportunity to call witnesses and present documentary evidence in his own defense; and (3) a written statement by the factfinder of the evidence relied upon. *Id.* at 563-66. These and other requirements are codified at 28 C.F.R. §§ 541.5-541.8. *See also Millhouse v. Ebbert*, No. 1:18-cv-2444, 2019 WL 1354045, *3 (M.D. Pa. Mar. 26, 2019), *aff'd sub nom. Millhouse v. Warden Lewisburg USP*, 785 F. App'x 931 (3d Cir. 2019).

All due process requirements in preparing and conducting the disciplinary

proceedings were met in this case.

> 1. *Pursuant to BOP Policy and 28 C.F.R. § 541.8(c), Cannon received adequate notice of the charges set forth against him more than 24 hours before his DHO hearing.*

Staff discovered the cellular phones in Cannon's locker at 12:00 pm on 1/4/20. [Ex. 1, Attach. C, p. 6.]   Cannon received notice of the charges against him at 12:40 pm on 1/4/20, when a copy of the incident report was delivered to him. [*Id.*]   The DHO hearing was held on 1/8/20.   [*Id.* at p. 1, § I.B.]   Cannon therefore received substantially more than 24 hours' notice of the charges against him. [*See Id.*]

> 2. *Pursuant to BOP Policy and 28 C.F.R. § 541.8(d), Cannon had the opportunity for a staff representative to assist him but chose not to.*

The UDC advised Cannon of his right to a staff representative before the DHO hearing.   [Ex. 1, Attach. C, p. 6, § 21.]   Cannon received – and signed – the Inmate Rights at Discipline Hearing form, which advised him of "the right to have a full-time member of the staff who is reasonably available to represent [him] before the Discipline Hearing Officer."   [*Id.* at p. 7.]   Separately, Cannon also received – and signed – the Notice of Discipline Hearing Before the (DHO) form, which again advised that he was "entitled to have a full-time staff member represent [him] at the [DHO] hearing."   [*Id.* at p. 8.]   Cannon initialed his choice declining a staff representative.   [*Id.*]   Cannon was again advised of these rights immediately before the hearing commenced. [*Id.* at p. 1, §§ II.A, III.B, p. 3, § V.]   He again waived that

right.2   [*Id.* at p. 1, §§ II.A, III.B, p. 3, § V.]

> 3.  *Pursuant to BOP Policy and 28 C.F.R. § 541.8(f), Cannon had the opportunity to call witnesses and present documentary evidence on his own behalf but chose not to.*

The UDC advised Cannon of his rights to make a statement, call witnesses, and present documentary evidence. [Ex. 1, Attach. C, p. 7, ¶¶ 3, 4; *see also id.* at p. 8.] At the DHO hearing, Cannon was again advised of his rights. [Ex. 1, Attach. C, p. 1, §§ III.B, III.C, p. 3, § V.] Cannon chose not to call any witnesses or present any documentary evidence; however, he stated to the DHO that "[the incident report] is not true; I knew nothing about the stash box in my locker. I knew nothing about the phones found." [Ex. 1, Attach. C, p. 1, § III.B.]   The DHO considered Cannon's statement in addition to other documentary evidence, as set forth in his report.3 [*See*

---

2 In his Petition, Cannon alleges he was denied a staff representative, and attaches a 1/6/20 email addressed to the general "DHO" mailbox, which had been sent between the time he waived a staff representative, [Ex. 1, Attach. C, p. 8], and the commencement of the DHO hearing, [*Id.* at p. 1, § I.B], wherein he requested Sr. Officer Moore serve as a staff representative. (*See* Doc. 1-1, p. 4 of 12.)  Cannon omits, however, that he received a response to his email at 7:34 am on 1/7/20, which directed him to make his request at the hearing.  [Boyd Decl., attached as Exhibit 2; Attach. B (Summary of "DHO" Emails).]

But at the hearing, and despite his being read and confirming he understood his rights, Cannon did not request a staff representative.  [Ex. 1, Attach. C, p. 1, §§ II.A, III.B, p. 3, § V.]  Rather, consistent with his prior express waiver of a staff representative, he opted to proceed without a staff representative and raised no procedural issues.  [*See* Ex. 1, Attach. C, p. 1, §§ II.A, III.B, p. 3, § V.]

3 Despite not identifying any witnesses – and in fact, initialing his decision to not have witnesses, [Ex. 1, Attach. C, p. 7], – Cannon now appears to take issue with the DHO's not interviewing "[his] staff witnesses, whom could have possible had a

7

*generally* Ex. 1, Attach. C, p. 3 § V.]

> 4. *Pursuant to BOP Policy and 28.C.F.R. § 541.8(b), the DHO was an impartial decision maker.*

Contrary to Cannon's suggestion, (*see* Doc. 1-1, p. 7), the DHO did not have a conflict of interest. The DHO must be "an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident." 28 C.F.R. § 541.8(b). The DHO was K. Hampton, who was not a witness or involved in the Incident Report or investigation. [*See* Ex. 1, Attach. C., pp. 6 (identifying Stein as reporting employee), 9 (identifying Act. Lt. Torres as investigator), 10 (identifying Lt. Dixon as UDC Chairman). There is no legitimate allegation – let alone evidence – the DHO was anything other than impartial.

> 5. *Pursuant to BOP Policy and 28 C.F.R. § 541.8(f), the DHO properly documented "some evidence" to support the findings.*

The DHO report documented the evidence supporting the DHO's conclusion that Cannon committed the prohibited act. [*See generally* Ex. 1, Attach. C, p. 3, § V.] Specifically, the DHO considered the Incident Report, BOP Policy, memos, the investigative reports, and documentary evidence, which included a photograph of Cannon that was found along with the phones within Cannon's locker. [*Id*.] The DHO also considered Cannon's statement but found it to be not credible. [*Id*.]

---

significant change in the outcome," (Doc. 1-1, p. 12.) But Cannon did not identify any witnesses who had information directly relevant to the charges, and the DHO need not call repetitive witnesses or adverse witnesses. 28 C.F.R. § 541.8(f)(3).

8

Accordingly, the DHO explained both the reason it found Cannon committed the Prohibited Act, as charged, and the reason it imposed the sanctions. [*Id.*]

This Court should conclude Cannon received the due process protections to which he was entitled and deny his Petition.[4]

### B. Sufficient Evidence Existed to Sanction Cannon for Possession of a Hazardous Tool.

Since Cannon was afforded due process, the only remaining issue is whether there was sufficient evidence to support the DHO's decision. Decisions of a prison disciplinary officer are entitled to considerable deference by a reviewing court. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The requirements of due process are met, and the decision of the prison discipline officer must be upheld, when there is "some evidence" to support the decision. [*Id.* at 455.] The Supreme Court described the process to be used by the reviewing court as follows:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56 (citations omitted). *See Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992); *Thompson v. Owens*, 889 F.2d 500 (3d Cir. 1989). Once the reviewing court

---

[4] To the extent this Court finds a due process violation, which Respondent disputes exists, the proper remedy would be to direct a rehearing; not expungement of the DHO finding.

determines there is "some evidence" to support the DHO's finding, the court must reject evidentiary challenges by the inmate and uphold the finding by the DHO.

Tellingly, while Cannon offers scattershot contentions that his due process rights were violated, he does not, in his Petition dispute that he committed the prohibited act. But even if he did, sufficient evidence exists to uphold the DHO's findings.

First, the phones were found in Cannon's assigned locker. [Ex. 1, Attach. C, p. 6, § 11.] The phones were affixed to the locker by magnets, which demonstrate access to the locker and an intent to conceal the contraband. [*Id.*] As the DHO explained:

> In general, a person has constructive possession if they knowingly have ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located.
>
> * * *
>
> Policy hold you responsible for everything on your person, in your personal property, and in your living quarters…. It is each inmate's responsibility to ensure their assigned area is free of any unauthorized items, and/or damages government property. Any unauthorized items, and/or damages government property should be immediately reported to staff; or the inmate(s) will be held accountable for such items if discovered by staff.

[Ex. 1, Attach. C, p. 3, § V.]

Second, a photograph of Cannon and another individual was found within Cannon's locker, along with the phones. Cannon clearly had access to – and used

– his assigned locker.

Based on the evidence presented during the DHO hearing, sufficient evidence existed to support the impartial DHO's finding that Cannon committed Prohibited Act Code 108 based upon the two phones found in Cannon's assigned locker, which had been accompanied by a photograph of Cannon and another individual.

## V.   CONCLUSION

This Court should deny Cannon's claim for habeas relief because Cannon received due process protections throughout the disciplinary preceding that resulted in his loss of 41 days GCT, suspension of visitation privileges, and a monetary fine. Additionally, sufficient evidence supported the DHO's finding that Cannon violated Prohibited Act Code 108.

Respectfully submitted,

**BRUCE D. BRANDLER**
Acting United States Attorney

Date:   June 28, 2021

s/ *Harlan W. Glasser*
HARLAN W. GLASSER, AUSA (PA 312148)
Cristina M. Guthrie, Paralegal Specialist
228 Walnut Street
Harrisburg, PA 17101
Tel:        (717) 221-4482
Fax:       (717) 221-4493
Email:    Harlan.Glasser@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRADFORD CANNON,** | : | Civil No. 1:CV-21-00854 |
| Petitioner | : | |
| | : | (Rambo, J.) |
| v. | : | |
| | : | |
| **WARDEN J.L. JAMISON,** | : | Filed Electronically |
| Respondent | : | |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on June 28, 2021, she served a copy of the attached

## RESPONSE TO THE
## PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:
Bradford Cannon
Reg. No. 38036-054
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

                                                 s/ Cristina M. Guthrie
                                                 Cristina M. Guthrie
                                                 Paralegal Specialist