IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRADFORD CANNON,<br>    Petitioner | : <br> : <br> : | |
| | : | No. 1:21-cv-854 |
| v. | : <br> : | |
| | : | (Judge Rambo) |
| WARDEN J.L. JAMISON,<br>    Respondent | : <br> : | |

## MEMORANDUM

Presently before the court is *pro se* Petitioner Bradford Cannon ("Cannon")'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition will be denied with prejudice.

## I.   BACKGROUND

Cannon is serving a 132-month term of imprisonment imposed by the United States District Court for the Southern District of New York for conspiracy to distribute and possess with intent to distribute cocaine base, cocaine, heroin, and marijuana. *See United States v. Cannon*, No. 1:17-CR-00021-6 (S.D.N.Y. Jan. 23, 2018). He is currently incarcerated in Allenwood Federal Correctional Institution ("FCI-Allenwood"), but his habeas corpus petition arises from an incident that occurred when he was previously incarcerated in Fort Dix Federal Correctional Institution ("FCI-Fort Dix").

On January 4, 2020, a correctional officer in FCI-Fort Dix conducted a search of Cannon's housing unit. (Doc. No. 7-2 at 15.) The officer opened a wall

locker belonging to Cannon during the search and found two Samsung brand cellphones. (*Id.*) The officer issued an incident report charging Cannon with possessing a hazardous tool in violation of BOP disciplinary regulations. (*Id.*)

The incident report was referred to a Disciplinary Hearing Officer ("DHO") for purposes of conducting a disciplinary hearing. Cannon was given advanced written notice of the charges against him on January 4, 2020. (*Id.* at 10.) Prison staff advised him that he had the right to a staff representative during the hearing, that he had the right to call witnesses, and that he had the right to present documentary evidence. (*Id.* at 16.) He signed a written statement on January 5, 2020, acknowledging that he had these rights and that he had been advised of that fact. (*Id.*) Cannon waived his right to a staff representative and to call witnesses in the same written statement. (*Id.* at 17.)

On January 6, 2020, the prison's DHO email account received an email from Cannon stating "I would like to add staff rep. senior officer Moore. So he can represent me at a later date for my DHO hearing." (Doc. No. 7-3 at 5.) A representative of the prison purportedly responded to Cannon's email on January 7, 2020 and advised him to make the request for staff representation during the DHO hearing. (*Id.*)

The DHO conducted a hearing on January 8, 2020. (*Id.* at 10.) During the hearing, Cannon denied the charges against him, asserting that he did not know

2

anything about the cellphones. (*Id.*) Cannon did not request a staff representative during the hearing. (*Id.*) He also did not request the testimony of any witnesses or present any documentary evidence for the DHO's consideration. (*Id.*)

The DHO found that Cannon committed the prohibited act as charged. (*Id.* at 11.) The DHO found Cannon's statement that he did not know anything about the cellphones not credible, noting that he failed to produce any evidence or witness testimony to corroborate his account. (*Id.* at 12.) The DHO sanctioned Cannon with one year's loss of visitation privileges and forty-one days of lost good conduct time. (*Id.* at 12.) Cannon unsuccessfully appealed the decision through all stages of the BOP's disciplinary remedy program. (Doc. No. 1 at 2-3.)

Cannon filed the instant petition on May 6, 2021, and the court received and docketed it on May 11, 2021. (*Id.* at 8.) Cannon argues that he is entitled to habeas corpus relief and restoration of his good conduct time because the DHO did not allow him to have a staff representative and failed to state in writing which staff members or witnesses were present during the search of his locker. (*Id.* at 7.)

Respondent responded to the petition on June 28, 2021. (Doc. No. 7.) Respondent argues that the petition should be denied because Cannon was given all necessary due process protections and because the DHO's decision was supported by sufficient evidence. (*Id.*)

Cannon filed a reply brief in support of the petition on August 16, 2021. (Doc. No. 8.) Cannon asserts that contrary to the Respondents' contention, he never received a response to his January 6, 2020 email advising him to request a staff representative during the DHO hearing. (*Id.* at 2.) Cannon further asserts that (1) the DHO erred by not allowing a statement from a correctional officer named Petty; (2) the prison did not establish chain of custody for the cellphones; and (3) the loss of good conduct time was illegal because Cannon was still serving time under an old sentence. (*Id.* at 2-7.) Cannon's petition is ripe for review.

## II.     DISCUSSION

Federal prisoners serving a sentence of imprisonment of more than one year have a constitutionally protected liberty interest in good conduct time. *Denny v. Schultz*, 708 F.3d 140, 143 (3d Cir. 2013). To protect this interest, a prisoner must be afforded due process protections when he is accused of misconduct that may result in the loss of good conduct time, including: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges against him; (3) an opportunity to call witnesses and present documentary evidence when it is consistent with institutional safety and correctional goals to do so; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written

decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

When reviewing sufficiency of evidence in a prison disciplinary proceeding, the court must determine whether there is "any evidence in the record that could support the conclusion" reached by the hearing examiner. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). If there is "some evidence" to support the decision, the court must reject any evidentiary challenges by the petitioner. *Id.* at 457. This standard is minimal and does not require examination of the entire record, an independent analysis of the credibility of the witnesses, or even a weighing of the evidence. *Thompson v. Owens*, 899 F.2d 500, 501-02 (3d Cir. 1989).

Cannon asserts only one due process violation in his petition: that the DHO violated his right to due process by not allowing him to have a staff representative. (Doc. No. 1 at 7.) The court will deny this claim. The record reflects that Cannon waived his right to a staff representative in writing. (*See* Doc. No. 7-2 at 17.) Although Cannon sent an email on January 6, 2020 after this initial waiver requesting a staff representative, the record reflects that Cannon did not make this request again during the hearing. (*Id.* at 10.) The parties dispute whether Cannon ever received a response to his email advising him to request staff representation during the DHO hearing, but the court finds this factual dispute immaterial. Assuming, *arguendo*, that Cannon did not receive an email response as he asserts,

5

he still could have invoked his right to a staff representative during the hearing or advised the DHO that he had invoked the right by email. Cannon did not take such action, and the court finds that the failure to do so in light of his earlier written waiver of the right to staff representation constitutes a waiver of that right.

Cannon does not raise any other due process claims under *Wolff*, nor does he challenge the sufficiency of evidence pursuant to *Hill's* "some evidence" standard. It appears that at one point in his administrative appeals Cannon argued that the DHO was not an impartial decisionmaker, (*see* Doc. No. 1 at 2), but he has not raised that claim in his petition in this case and nothing in the petition can be liberally construed as raising such a claim. Accordingly, the court will not consider any other due process issues under *Wolff* or *Hill*.

The court will also deny relief with respect to Cannon's claim that the DHO failed to state in writing which staff members or witnesses were present during the search of his locker. This claim is based solely on a violation of prison policy, which does not amount to a violation of due process as long as the due process protections enumerated in *Wolff* have been followed. *See, e.g., Wallace v. Fed. Detention Ctr.*, 528 F. App'x 160, 162-63 (3d Cir. 2013); *Fiore v. Lindsay*, 336 F. App'x 168, 170 n.2 (3d Cir. 2009). Cannon does not allege any violation of the protections enumerated in *Wolff*, so the claim fails.

Finally, the court will disregard Cannon's arguments regarding Petty's statement, the chain of custody for the cellphones, and the legality of the disciplinary sanction because Cannon raised these arguments for the first time in a reply brief and did not raise them in his original petition. *See, e.g., Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, No. 1:21-cv-00658, 2021 WL 1740582, at *4 (M.D. Pa. May 3, 2021) (noting that arguments may not be raised for the first time in a reply brief (citing *Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown*, 328 F. Supp. 2d 522, 529 (M.D. Pa. 2004))).

## III.  CONCLUSION

For the foregoing reasons, Cannon's petition for writ of habeas corpus will be denied with prejudice. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: October 12, 2022